GERMANIA SPAR & BAU VEREIN, Respondent, vs. FLYNN and another, Appellants.

*January 8 — January 28, 1896.*

*Corporations: Officers: Term: Official bond: Pleading.*

1. The fact that under sec. 1776, R. S., directors of a corporation are to be elected annually does not limit to one year the term of office of the attorney of a corporation appointed by the directors, since, if classified as provided in sec. 1772, directors may hold office for three years, and under said sec. 1776 the term of the other officers may be prescribed by the articles of incorporation or the by-laws.
2. An allegation that the attorney of a corporation was appointed and held under said appointment for the term of two years is a sufficient allegation that his term was for two years.
3. In an action upon the official bond of the attorney of a corporation whose business included the making of loans to its members on real-estate security, a complaint alleging that said attorney "by virtue of his office" was given a check payable to his order, which he was to deliver to a borrower as soon as the latter should execute a satisfactory mortgage, and that he converted the check to his own use, is *held* sufficient to show that the check was received by him by virtue of his office.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action upon a bond. A demurrer to the complaint was overruled. The allegations of the complaint, so far as necessary to be set forth, are as follows:

"The said plaintiff alleges that it is a corporation, organ-

ized under the laws of the state of Wisconsin, for the purpose of creating a mutual savings fund from dues of its members, and making loans to its members on real-estate security, and has been such corporation ever since the year 1887, and that the office of said plaintiff corporation is now, and at all times since its organization has been, in the city and county of Milwaukee, state of Wisconsin. The plaintiff alleges that its by-laws provide that the board of directors shall elect or appoint and discharge all officers of the association, and fix the compensation of such officers, and shall also appoint an attorney. The plaintiff alleges that, under the provisions of said by-laws, one Reter Rupp, an attorney at law, on or about the 15th day of May, 1888, was duly appointed the attorney of said plaintiff by its board of directors, and held under said appointment for the term of two years, or until about the middle of May, 1890, and at said last date was reappointed such attorney, and held under said last appointment until about the 29th day of September, 1891, when he was removed by the board of directors.

"The plaintiff alleges that upon the 29th day of May, 1888, the above named Peter Rupp, as principal, and the defendants *Lytton Flynn* and *F. Seibel*, as sureties, executed to the said plaintiff a joint and several bond in the penal sum of one thousand dollars ($1,000.00), good and lawful money of the United States of America, conditioned that, whereas, the said Peter Rupp was, on the 15th day of May, 1888, duly elected attorney for said *Germania Spar & Bau Verein*, now, therefore, if the said Peter Rupp shall well and truly perform all the duties of his said office, and shall pay out to the proper parties all moneys which may come into his hands by virtue of said office, all without fraud or delay, then this obligation to be void, otherwise, to be and remain in full force; a copy of which bond is hereto annexed, marked 'Exhibit A,' and made a part of this complaint.

"The plaintiff alleges that its articles of association pro-

vide that loans may be made to its members upon real-estate security, and that one Peter Henry Jessen was a member of said corporation during the years 1889, 1890, and 1891, and that he made arrangements with said plaintiff, prior to the month of August, 1889, for a loan of two thousand nine hundred and ninety dollars ($2,990.00) on his real estate. The plaintiff alleges that on or about the 1st day of August, 1889, the said Peter Rupp, by virtue of his office as attorney of said plaintiff, was given a check by plaintiff for the sum of two thousand nine hundred and ninety dollars ($2,990.00) on Merchants' Exchange Bank, Milwaukee, Wisconsin, payable to the order of the said Peter Rupp, and in favor of said Peter Henry Jessen, which check the said Peter Rupp was to deliver to the said Peter Henry Jessen as soon as the said Peter Rupp obtained a satisfactory mortgage upon the real estate of the said Peter Henry Jessen, to secure a repayment of the money represented by said check, unless said check was recalled by the board of directors."

The complaint then alleges conversion of the check by Rupp, on or about August 1st, aforesaid, and concealment of such conversion until September, 1891; also, that Rupp committed suicide in the spring of 1892; that demand was made on the appellants, before action, for the payment of $1,000, the penal sum of the bond, which was refused; and judgment is demanded for the penalty of the bond, with interest.

For the appellants there was a brief by *Howard & Mallory*, and oral argument by *R. B. Mallory*. They contended, *inter alia*, that the sureties on the bond of an officer whose term is for one year are liable for that year only. *Hassell v. Long*, 2 Maule & S. 363; *Kingston Mut. Ins. Co. v. Clark*, 33 Barb. 196; *Welch v. Seymour*, 28 Conn. 387; *Mayor of Wilmington v. Horn*, 2 Harr. (Del.), 190; *Wardens of St. Saviour's v. Bostock*, 2 Bos. & P. (New Rep.), 175; *State v. Wayman*, 2 Gill & J. 254; Brandt, Suretyship (1st

ed.), § 138 *et seq.;* Murfree, Off. Bonds, § 421, and cases cited. If the attorney's term was unlimited and of indefinite duration, the sureties cannot be held for such unlimited and indefinite period. *Omro v. Kaime,* 39 Wis. 468. The limit of the liability of a surety is measured by the term of office of those who appoint the principal. *Munford v. Rice,* 6 Munford, 81; *Peppin v. Cooper,* 2 Barn. & Ald. 431; *Liverpool Water Works Co. v. Atkinson,* 6 East, 507; *Bigelow v. Bridge,* 8 Mass. 275. The contract of suretyship is always strictly construed in favor of the surety, and it cannot be extended by implication beyond the clear and absolute terms of the undertaking. 24 Am. & Eng. Ency. of Law, 750; *Miller v. Stewart,* 9 Wheat. 680. The sureties in this case are bound for moneys coming into the hands of the attorney, as such, from other parties for the use of the corporation, but are not bound for moneys placed in his hands by the corporation itself for the purpose of enabling him to consummate an ordinary business transaction which was strictly within the line of the treasurer's duties. The money did not come into the attorney's hands " by virtue of said office." *Burlington Ins. Co. v. Johnston,* 24 Ill. App. 565; *S. C.* 120 Ill. 622; *John Hancock Mut. L. Ins. Co. v. Lowenberg,* 120 N. Y. 44; *National M. B. Asso. v. Conkling,* 90 id. 116.

For the respondent there was a brief by *Williams & May,* and oral argument by *A. B. May.* They argued, among other things, that though the secretary was chosen by the directors the tenure of his office did not depend on their official term, which was one year; but, as they were authorized by the by-laws to fix his term of office and to summarily dismiss him, they could, by electing him once, without further action, continue him in office indefinitely, and during such continuance his sureties were liable. *Humboldt S. & L. Soc. v. Wennerhold,* 81 Cal. 528; *Louisiana S. Bank v. Leoux,* 3 La. Ann. 674; *Hughes v. Smith,* 5 Johns.

168; *Amherst Bank v. Root*, 2 Met. 522; *Phillips v. Bos-sard*, 35 Fed. Rep. 99; *Comm. v. Reading S. Bank*, 129 Mass. 73; *Cambridge v. Fifield*, 126 id. 428; *Mobile & M. R. Co. v. Brewer*, 76 Ala. 135.

WINSLOW, J.   The appellants contend that because direct-ors of a corporation are to be elected annually (R. S. sec. 1776), therefore the term of office of the attorney of the corporation must terminate with the year, and, consequently, that the defendants are not responsible for a defalcation oc-curring more than two months after the expiration of their principal's term of office.   The position is not tenable.   Di-rectors, if classified as provided in sec. 1772, R. S., may hold office for three years, and, furthermore, under the provis-ions of sec. 1776, the term of the other officers of the cor-poration may be prescribed by the articles of incorporation or the by-laws, and such term is plainly not limited to a single year.

The complaint distinctly alleges that Rupp was appointed and *held under said appointment for the term of two years*. This must be held a sufficient allegation that his term was for two years.   This point being decided adversely to the appellants, there seems no doubt that the complaint states a cause of action.   It is alleged that the check was delivered to and received by Rupp " by virtue of his office " as attor-ney, and this may well be so.   At least, it cannot be said, in view of the allegations of the complaint, that it was not so received.

*By the Court.*— Order affirmed.